JOSÉ RAMÓN DEYNES, en representación de la SOCIEDAD LEGAL constituida por él y su esposa, HAYDEÉ MEJÍA DE DEYNES, demandante y recurrida, *v.* TEXACO (PUERTO RICO), INC. y ENRIQUE SÁNCHEZ RECIO, demandados y recurrentes.

*Números:* R-62-281 y R-62-282     *Resueltos:* 5 de abril de 1965

*Santiago C. Soler Favale* y *Miguel A. Giménez Muñoz,* abogados de Enrique Sánchez Recio; *Rivera Zayas, Rivera Cestero & Rúa* y *Francisco Collazo Lizardi,* abogados de Texaco (Puerto Rico), Inc.; *Gustavo A. Rodríguez,* abogado de la recurrida.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El demandante llegó como a las cuatro y media de la tarde a una estación de gasolina, sita en Guayama, Puerto Rico y mientras le echaban gasolina a su carro fue a la oficina de dicho establecimiento y allí pidió la llave para ir al cuarto de baño. El demandante parecía tener mucha prisa; solicitó que le entregasen la llave ligero y al obtenerla salió con prisa de la oficina, dobló a la izquierda y caminó en forma paralela al frente del edificio; al llegar a la esquina del mismo dobló otra vez a la izquierda y continuó por un pasillo o acera de concreto que está paralelo al costado del edificio y que conduce al cuarto de baño.

Estaba lloviendo. Este pasillo o acera está fuera del edificio, de manera que el piso estaba mojado. Por ser de día, había completa claridad en el mismo. Allí, sobre el piso, como

a siete o diez pies de la esquina que había doblado el demandante, estaba una batería de automóvil que estaban cargando. El demandante no vio la batería, tropezó con ella y se cayó fracturándose el húmero derecho. Estuvo recluido cuatro días en el hospital. El brazo estuvo enyesado por algún tiempo y tuvo que someterse a tratamientos de fisioterapia. El certificado médico expresa que sufrió una pérdida de un cuarenta por ciento de la capacidad de movimiento del hombro derecho. Puede conducir automóvil y hacer los movimientos ordinarios del brazo pero no puede levantar el brazo hacia arriba todo lo que normalmente podría. Los gastos médicos suman $491.00.

Los demandados son la arrendadora del edificio, Texaco (P.R.), Inc., en donde funciona la estación de gasolina y el arrendatario del mismo, Enrique Sánchez Recio, quien opera allí el negocio de venta de gasolina. El arrendatario tiene un contrato con la compañía arrendadora, quien también le suple la gasolina y otros productos que aquél vende en dicha estación, pero no es necesario en este caso entrar en los pormenores de dicho contrato.

El Tribunal Superior declaró la demanda con lugar y dictó una sentencia que suma $12,991.00 y que consiste de lo siguiente: condenó a los demandados Texaco (P.R.), Inc. y Enrique Sánchez Recio a pagar solidariamente al demandante $8,500.00 por concepto de daños; $491.00 por concepto de gastos médicos y de hospitalización; $3,000.00 por concepto de sufrimientos a la esposa del demandante y $1,000.00 de honorarios de abogado.

Solicitaron revisión ambos demandados. El demandado Sánchez Recio señala cuatro errores. En el primero alega que el tribunal sentenciador erró en su fallo porque la prueba no fue suficiente para establecer que el accidente fue ocasionado por su negligencia. En el segundo error señala que el tribunal no consignó en la relación de hechos una serie de hechos probados y no controvertidos que imputan negligencia concu-

rrente al demandante. En el tercer error señala que la cuantía de los daños es excesiva y que es improcedente en el caso de la esposa del demandante. En el cuarto error señala que no procede la condena de honorarios de abogado.

La codemandada, Texaco (P.R.), Inc., señala también cuatro errores. En el primero alega que el tribunal sentenciador erró al concluir que la causa próxima y única del accidente fue la negligencia de los demandados. En el segundo error señala que el tribunal de instancia erró al concluir que la arrendadora fue negligente, sin que existiese prueba al efecto. En el tercer error señala que el contrato existente entre la arrendadora y el arrendatario releva a la arrendadora de responsabilidad. En el cuarto error señala que las indemnizaciones concedidas son excesivas y que no procede la condena por concepto de honorarios de abogado.

Hemos examinado la sentencia del Tribunal Superior, la transcripción de evidencia, la prueba documental y los respectivos alegatos. Llegamos a las siguientes conclusiones: Hubo negligencia concurrente del arrendatario dueño del negocio y del demandante. El arrendatario debe mantener libre de obstáculos el pasillo que conduce al cuarto de baño, pasillo por el cual tienen que pasar sus clientes para ir al baño. El demandante a su vez, fue negligente porque, siendo un adulto en uso de todas sus facultades, debe caminar con la debida prudencia y debe mirar hacia donde camina, especialmente si el pasillo está mojado. Era de día; en el pasillo o acera había completa claridad; la batería de un automóvil es un objeto relativamente grande, de color obscuro, fácilmente visible en un piso de color claro como son los pisos de cemento, y un adulto que camina con prudencia no se arroja sobre dicho objeto.

La parte de la sentencia que consiste de $3,000.00 para la esposa del demandante no procede en su totalidad. Cuando el accidente ocurrió dicha señora estaba en su hogar en Guayama. Al demandante lo llevaron el Hospital de Da-

mas en Ponce. La señora no fue a verlo ese día sino al día siguiente. Declaró que no fue a verlo el primer día porque estaba nerviosa; declaró que durante la convalescencia de su esposo tuvo que bañarlo, vestirlo, ponerle los zapatos, ponerle la ropa interior, lo cual le daba bastante trabajo y ponerle la pijama le daba más. No creemos que la esposa del demandante deba recibir $3,000.00 por cumplir con un deber elemental de esposa. El primer artículo del capítulo del Código Civil, titulado "Derechos y Obligaciones entre Marido y Mujer," dispone que los cónyuges están obligados a socorrerse mutuamente. Art. 88; 31 L.P.R.A. sec. 281. Sin embargo, por los sufrimientos morales creemos que deben concedérsele $1,000.00.

■ También concluimos que la arrendadora no es responsable. La parte del edificio envuelta en este caso no contiene ninguna parte o artefacto que la haga peligrosa *per se*. Como bien señala la arrendadora, si alguien (1) no hubiese colocado la batería en el pasillo y si alguien (2) no hubiese caminado por el mismo en forma distraída o imprudente, el accidente no hubiese ocurrido. Creemos que la negligencia fue aportada en un 66% por el demandante y en un 34% por el demandado arrendatario.

Estimamos en $5,000.00 los daños sufridos por el demandante; no alteraremos la partida de $491.00 de gastos médicos y de hospitalización; fijaremos en $500.00 los honorarios de abogado del demandante y rebajaremos a $1,000.00 la partida concedida a la esposa del demandante. En consecuencia, y de acuerdo con lo anteriormente expresado, concluimos que la sentencia del Tribunal Superior dictada en este caso debe modificarse como sigue: Se declarará sin lugar la demanda en cuanto a la Texaco (P.R.), Inc.; se declarará con lugar la demanda en cuanto al demandado Enrique Sánchez Recio y, restándole a las anteriores cifras la proporción correspondiente a la negligencia aportada por el demandante (el 66%), se condenará al demandado Enrique Sánchez Recio a pagarle

a la Sociedad Legal de Gananciales demandante en este caso la suma de $2,376.94, suma que incluye la parte proporcional de los gastos médicos y hospitalización, de los honorarios de abogado, y de las sumas concedídales por concepto de daños y perjuicios a ambos cónyuges, suma que representa la proporción que le corresponde pagar al demandado Sánchez Recio; *y así modificada se confirmará.*