JUAN NIEVES ACEVEDO, demandante y recurrido, *v.* AUTORIDAD DE LAS FUENTES FLUVIALES DE PUERTO RICO, demandada y recurrente.

*Número:* R-66-107    *Resuelto:* 27 de junio de 1968

*José Antonio Arabía* y *Luis A. Lugo, Jr.,* abogados de la recurrente; *J. Córdova Rivera* y *J. Córdova Mercado,* abogados del recurrido.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

PER CURIAM: Juan Nieves Acevedo instó ante el Tribunal Superior, Sala de Arecibo, una demanda por daños y perjuicios contra la Autoridad de las Fuentes Fluviales de Puerto Rico, alegando que mientras prestaba servicios como Policía Insular en la Carretera que conduce de Arecibo hacia Lares, el día 19 de febrero de 1958, vino en contacto con un cable, propiedad de la demandada, sufriendo graves daños

que valoró en $10,000.00. Posteriormente enmendó su demanda para incluir como parte de su reclamación un accidente sufrido en 4 de mayo de 1958. [1]

Celebrada la vista correspondiente el Tribunal determinó que la demandada es responsable por los daños sufridos por el demandante como consecuencia del primer accidente y que no era responsable por las lesiones sufridas por éste como consecuencia del segundo accidente.

Determinó el Tribunal que:

"5. Como consecuencia de los anteriores hechos, el demandante sufrió en su pierna izquierda, más abajo de la rodilla, un golpe con hematoma, así como una quemadura superficial en la misma área, de su cuerpo, quedando debilitada su pierna izquierda con las consecuencias ulteriores a que nos referimos más adelante." [2]

En su consecuencia se condenó al demandado a pagar a la demandante la suma de $3,000 por los daños que éste sufriera.

No conforme con la sentencia dictada, los demandados recurren para ante este Tribunal señalando como único error el siguiente:

"Erró el Honorable Tribunal sentenciador al determinar que el demandante había sufrido dos lesiones y valorar las mismas

---

[1] En su demanda enmendada alegó que al regresar al trabajo, parcialmente incapacitado y por motivo de la incapacidad funcional de su pierna lesionada sufrió otro accidente que le produjo lesiones en su cuerpo. Dicho accidente consistió en que al forcejear con un delincuente a quien trataba de arrestar cayó al suelo sufriendo lesiones en su hombro derecho y pierna izquierda.

[2] El tribunal sentenciador describió la condición física del demandante, como resultado de las lesiones sufridas en ambos accidentes, así:

"(a) Hombro derecho: limitación de un 25 a 30% de su capacidad de uso.

"(b) Cadera y pierna izquierda: artritis de origen traumático en la cadera y rodilla con limitación de un 10 a un 15% de su capacidad de uso, y los consiguientes cambios hipertróficos atribuíbles a la artritis traumática; cicatriz sin efecto residual en la pierna izquierda más abajo de la rodilla; y artritis de origen traumático en el tobillo izquierdo." (Autos, pág. 13.)

en la suma de $3,000 cuya valoración es exagerada e irrazonable."

Para poder determinar si las conclusiones del juez sobre las lesiones sufridas por el demandante son correctas así como si la cuantía es razonable conviene examinar la prueba testifical y documental desfilada en la vista del caso.

En primer término hay una declaración jurada prestada por el demandante el mismo día del accidente donde indica que sufrió una quemadura superficial. (Exhibit Núm. 1 de la Parte Demandada.) También hay un Certificado expedido por el Dr. Marqués quien lo examinó el día del accidente y su diagnóstico fue de "Hematoma en el tercio superior aspecto lateral externo de la pierna izquierda." "Pronóstico leve."

Durante la vista del caso el demandante sostuvo que lo sufrido había sido una quemadura. (T.E. Parte Demandante, págs. 7, 32 y 33.)

En su testimonio el Dr. José Ángel Martínez, quien examinara al demandante el 13 de marzo de 1958, indica que tenía una cicatriz que estaba seca ya en la parte externa, excepto el centro que tuvo una quemadura de segundo grado. (T.E. Parte Demandante, pág. 69.)

Por otro lado el Dr. Félix A. Rodríguez Forteza (testigo presentado por el demandado) declaró que examinó al demandante el 18 de noviembre de 1960 y encontró que tenía entre otras cosas "una cicatriz que había sanado bien, en forma circular, redonda de un diámetro de media pulgada en la cara anterior del tercio medio de la pierna izquierda." (pág. 24, T.E., Parte Dda.) Sobre la causa de tal cicatriz indicó que pudo haber sido causada por una raspadura de la piel, por una contusión fuerte en esa región, una úlcera en la piel, o por una quemadura (pág. 26). A preguntas por el abogado de la demandada de si un hematoma del mismo tamaño de la cicatriz podía al diagnosticarse confundirse con

una quemadura indica que no porque en el hematoma la piel está completamente sana. La equinosis es un cardenal azuloso en la región donde se ve la contusión. Bajo ningún concepto diagnostica un hematoma con una quemadura. (T.E. Parte Demandada, pág. 41.)

De lo antes expuesto surge que el juez sentenciador tuvo suficiente evidencia para sostener que el demandante sufrió una quemadura. Sin embargo, independientemente del certificado expedido por el médico del Fondo del Seguro, no hubo otra evidencia que sostuviera que el demandante había sufrido un hematoma. Se desprende también de lo antes relacionado que el demandante sufrió una sola lesión y no dos.

En relación con el primer accidente el tribunal sentenciador concluyó que el demandante fue sometido a tratamiento médico por el Fondo del Seguro del Estado por algún tiempo, siendo dado de alta sin ninguna incapacidad aparente como consecuencia de las lesiones sufridas.

En cuanto a la cuantía concedida por los daños entendemos que es excesiva pues se trata de una herida pequeña que el único tratamiento que se le dio fue untarle una pomada y ponerle un esparadrapo. Al mes ya había sanado y la única huella que dejó fue una marca como de ½″ de diámetro.

*En su consecuencia la cuantía de la indemnización debe ser reducida a la suma de $500.00, y así modificada la sentencia revisada, será confirmada.* [3]

---

[3] Véanse *Toro Mercado* v. *P.R. & Am. Ins. Co.*, 87 D.P.R. 658 (1963); *Deynes* v. *Texaco (P.R.) Inc.*, 92 D.P.R. 222 (1965); *Baralt* v. *Báez*, 78 D.P.R. 123 (1955).